871 F.2d 562
 Fed. Sec. L. Rep. P 94,371
Max L. LEVINSON; Karl Zukerman; Ronald M. Newman,
Plaintiffs-Appellants, (84-3730),
Plaintiffs-Appellees, (84-3775/76),
v.
BASIC INCORPORATED, Defendant-Appellee, (84-3730),
Defendant-Appellant, (84-3775),
Anthony M. Caito; Samuel Eells, Jr.; John A. Gelbach;
Harley C. Lee; Matthew J. Ludwig; Max Muller; H. Chapman
Rose; Edmund G. Sylvester and John C. Wilson, Jr.,
Defendants-Appellees, (84-3730), Defendants-Appellants, (84-3776).
 Nos. 84-3730, 84-3775 and 84-3776.
 United States Court of Appeals,
Sixth Circuit.
 Argued Dec. 7, 1988.
Decided April 3, 1989.
 
 Wayne A. Cross, Lead Counsel, Reboul, MacMurray, Hewitt, Maynard & Kristol, David S. Elkind (argued), New York City, for Levinson, et al.
 William D. Ginn, Thompson, Hine & Flory, Cleveland, Ohio, and Rosenman Colin Freund, Lewis & Cohen, New York City, Joel W. Sternman (argued), Katherine Blakeley, New York City, for Basic, et al.
 Norman S. Jeavons, Stephen Madsen, and Baker & Hostetler, Cleveland, Ohio, for Caito, et al.
 Securities & Exchange Com'n, Jacob H. Stillman, and Eric Summergrad, Washington, D.C., for amicus curiae.
 Before MARTIN, JONES and WELLFORD, Circuit Judges.
 BOYCE F. MARTIN, JR., Circuit Judge.
 
 
 1
 This case is before us once again on remand from the Supreme Court. In Basic Inc. v. Levinson, 485 U.S. 224, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988), the Supreme Court rejected this court's standard of materiality that when a company denies the existence of ongoing acquisition discussions, those discussions, whether material or not, become material by virtue of the statement denying their existence. Levinson v. Basic Inc., 786 F.2d 741, 748-49 (6th Cir.1986). The Supreme Court vacated the judgment of this court and remanded the case to us for reconsideration of the question whether a grant of summary judgment was appropriate. We hold that the district court's grant of summary judgment was not appropriate given the test of materiality as outlined by the Supreme Court in Basic Inc. v. Levinson, 485 U.S. 224, 108 S.Ct. 978, 988, 99 L.Ed.2d 194 (1988).
 
 
 2
 In December 1978, Combustion Engineering, Inc., and Basic Incorporated agreed to merge. During the preceding two years, representatives of the two companies had various meetings and conversations regarding the possibility of a merger. During those prior two years, Basic made three public statements denying that any merger negotiations were taking place or that it knew of any corporate developments that would account for heavy trading activity in its stock. We have detailed the circumstances surrounding the public statements in Levinson v. Basic Inc., 786 F.2d 741 (6th Cir.1986). Levinson and others were former Basic shareholders who sold their stock between Basic's first public denial of merger activity and the suspension of trading in Basic's stock just prior to the merger announcement. Various shareholders and former shareholders filed suit against Basic and some of its directors alleging that Basic's statements had been false or misleading in violation of Sec. 10(b) and Rule 10b-5 and that they were injured by selling their shares at prices artificially depressed by those statements.
 
 
 3
 The district court certified the plaintiffs' class, but granted summary judgment for Basic based upon a finding (1) that the statements, as a matter of law, were not material and, therefore, not false or misleading, and (2) that Basic, as a matter of law, did not act with scienter. This court affirmed the class certification, agreeing that under a "fraud-on-the-market" theory misrepresentations by Basic could be presumed and that common issues predominated over questions pertaining to individual plaintiff shareholders and former shareholders. We reversed the grant of summary judgment, however, and remanded. We rejected the district court's view that preliminary merger discussions were immaterial as a matter of law, and that Basic did not act with scienter as a matter of law. We held that even discussions that might not otherwise have been material, became so by virtue of a statement denying their existence. Levinson v. Basic Inc., 786 F.2d 741, 748-49 (6th Cir.1986).
 
 
 4
 In Basic Inc. v. Levinson, 485 U.S. 224, 108 S.Ct. 978, 986, 99 L.Ed.2d 194 (1988), the Supreme Court affirmed our rejection of the district court's view that preliminary merger discussions are immaterial as a matter of law. The Court agreed with the late Judge Friendly's comments in SEC v. Geon Industries, Inc., 531 F.2d 39, 47-48 (2d Cir.1976):
 
 
 5
 Since a merger in which it is bought out is the most important event that can occur in a small corporation's life, to wit, its death, we think that inside information, as regards a merger of this sort, can become material at an earlier stage than would be the case as regards lesser transactions--and this even though the mortality rate of mergers in such formative stages is doubtless high.
 
 
 6
 Basic Inc. v. Levinson, --- U.S. ----, 108 S.Ct. 978, 987, 99 L.Ed.2d 194 (1988) (emphasis added). The Supreme Court also stated that this court properly applied a presumption of reliance, supported in part by the fraud on the market theory, instead of requiring each plaintiff to show direct reliance on Basic's statements. Id. 108 S.Ct. at 993. This presumption of reliance may be rebutted by Rule 10b-5 defendants who show that the price was not affected by their misrepresentation or that the plaintiff did not trade in reliance on the integrity of the market price. Finally, the Supreme Court stated that the standard of materiality outlined in TSC Industries, Inc. v. Northway, Inc., 426 U.S. 438, 96 S.Ct. 2126, 48 L.Ed.2d 757 (1976), that an omitted fact is material if there is a substantial likelihood that a disclosure would have been considered significant by a reasonable investor, applies in the context of Sec. 10(b) and Rule 10b-5. Rule 10b-5 and Sec. 10(b) require that the statements be misleading as to a material fact. Materiality in the merger context is a fact specific inquiry and depends on the probability that the transaction will be consummated and its significance to the issuer of the securities. Not all facts misrepresented in the context of merger negotiations are material. Basic Inc. v. Levinson, 485 U.S. 224, 108 S.Ct. 978, 993, 99 L.Ed.2d 194 (1988).
 
 
 7
 Under the direction of the Supreme Court, as outlined in Basic Inc. v. Levinson, 485 U.S. 224, 108 S.Ct. 978, 986, 99 L.Ed.2d 194 (1988), we reverse the summary judgment granted to the defendants on the Sec. 10(b) and Rule 10b-5 issue. We affirm the Rule 23 class certification and remand to the district court for further proceedings.[1]
 
 
 
 [1]
 Materiality is a question of fact to be determined in the court below. It is a function of the probability that the transaction will be consummated and its significance to the issuer of the securities. Based upon the facts of this case, it is difficult for us to see how Basic's multiple public statements denying merger talks which substantially affected the activity of the stock were not material